Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

_____Tampa_____ Division

| | | |
|---|---|---|
| Regina Height | ) | Case No. 8:19-cv-2753-T-35JSS |
| | ) | *(to be filled in by the Clerk's Office)* |
| | ) | |
| _____ | ) | |
| Plaintiff(s) | ) | Jury Trial: *(check one)*  ☑ Yes  ☐ No |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) | |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) | |
| *please write "see attached" in the space and attach an additional* | ) | |
| *page with the full list of names.)* | ) | |
| -v- | ) | |
| | ) | |
| Robert Wilkie | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| Defendant(s) | ) | |
| *(Write the full name of each defendant who is being sued.  If the* | ) | |
| *names of all the defendants cannot fit in the space above, please* | ) | |
| *write "see attached" in the space and attach an additional page* | ) | |
| *with the full list of names.)* | ) | |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I.    **The Parties to This Complaint**

A.    **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Regina Height |
| Street Address | 14443 Barley Field Drive |
| City and County | Wimauma, Hillsborough County |
| State and Zip Code | Florida 33598 |
| Telephone Number | 813-482-7744 |
| E-mail Address | goodsunshine1968@yahoo.com |

B.    **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.



Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1

Name | Robert Wilkie

Job or Title *(if known)* | Secretary, Department of Veterans Affairs

Street Address | 810 Vermont Ave., NW

City and County | Washington, District of Columbia County

State and Zip Code | District of Columbia, 20420

Telephone Number

E-mail Address *(if known)*

Defendant No. 2

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Defendant No. 3

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Defendant No. 4

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

### C.      Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Regional Procurement Office East, Network Contracting Office 8 |
| Street Address | 8875 Hidden River Parkway |
| City and County | Tampa, Hillsborough County |
| State and Zip Code | Florida, 33637 |
| Telephone Number | (813) 972-2000 |

## II.     Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑      Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐      Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☑      Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐      Other federal law *(specify the federal law)*:

Section 501 of Rehabilitation Act of 1973, (Rehabilitation Act)  as amended 29 USC § 791

☐      Relevant state law *(specify, if known)*:

☐      Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## III.   Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.   The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☑ Termination of my employment.
- ☐ Failure to promote me.
- ☑ Failure to accommodate my disability.
- ☐ Unequal terms and conditions of my employment.
- ☑ Retaliation.
- ☐ Other acts *(specify)*: _____

*(Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.   It is my best recollection that the alleged discriminatory acts occurred on date(s)

From April 1, 2015 to September 2017

C.   I believe that defendant(s) *(check one)*:

- ☑ is/are still committing these acts against me.
- ☐ is/are not still committing these acts against me.

D.   Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☐ race _____
- ☐ color _____
- ☐ gender/sex _____
- ☐ religion _____
- ☐ national origin _____
- ☐ age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- ☑ disability or perceived disability *(specify disability)*

Thoracic Aneurysm, Major Depression, Anxiety Disorder

E.   The facts of my case are as follows.  Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant comitted employment discrimination against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 200 and Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.   Exhaustion of Federal Administrative Remedies

A.   It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

05/12/2018

B.   The Equal Employment Opportunity Commission *(check one)*:

☐   has not issued a Notice of Right to Sue letter.

☑   issued a Notice of Right to Sue letter, which I received on *(date)*   09/24/2018   .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.   Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐   60 days or more have elapsed.

☐   less than 60 days have elapsed.

## V.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Compensatory damages for mental injury; lost wages; health coverage; life insurance; Roth IRA and 401K and lost of career, federal retirement and good credit standing in the amount of $344,020.

Punitive damages for the grossly malicious acts $256,30.

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        11/06/2019

Signature of Plaintiff        _Regina D Height_

Printed Name of Plaintiff        Regina D. Height

### B.    For Attorneys

Date of signing:        _____

Signature of Attorney        _____

Printed Name of Attorney        _____

Bar Number        _____

Name of Law Firm        _____

Street Address        _____

State and Zip Code        _____

Telephone Number        _____

E-mail Address        _____

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# HILLSBOROUGH COUNTY, FLORIDA

Regina Height

        Plaintiff,

          v.

Robert Wilkie
Secretary
Department of Veterans Affairs

        Defendant

CASE NO: 8:19-CV-2753-T-35JSS

[Jury Trial Demand]

## COMPLAINANT FOR EMPLOYMENT DISCRIMINATION

1.     Plaintiff, Regina Height, in proper person, alleges employment discrimination

against Defendant, Robert Wilkie; Secretary of Department of Affairs, pursuant of

29 C.F.R. § 1614.403 (a).  Defendant Robert Wilkie violated Title VII of the Civil

Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., Americans with

Disabilities Act,  42 U.S.C. § 12101 et seq., Americans with Disabilities Act

Amendments Act , 42 U.S.C. § 12111 et seq. and Section 501 of the Rehabilitation

Act of 1973, as amended, 29 U.S.C. § 791.



CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

2019 NOV -6  PM 12: 04



FILED



2. Defendant purposefully circumvented mandated higher authority oversight and appointed approval authorities to deny the plaintiff's reasonable accommodation request and right to employment.

3. Defendant used discriminating standards and criteria in Plaintiff's request to telework and to application of medical retirement.

4. Defendant made false material statements to hamper the investigation and proceedings of Agency disability discrimination case number 200I-0010-2017102155.

5. Defendant committed federal offenses by altering the plaintiff's personnel records; time and attendance records; performance reports and compensation.

6. Plaintiff alleges she was subjected to hostile work environment, retaliation, disability discrimination and illegal termination.

7. Plaintiff seeks compensatory damages, punitive damages and reasonable fees and costs as remedies for Defendant's violation of her rights.

## I. **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

8. Plaintiff timely filed charges of disability discrimination with the United States Equal Employment Opportunity Commission (EEOC) on May 12, 2018. On and around, September 20, 2019, the EEOC issued Plaintiff Notice of Right to Sue.

9. Plaintiff has timely filed this action and has complied with administrative prerequisites to bring this lawsuit.

## II. __PARTIES__

10.     Plaintiff, Regina Height, (hereinafter "Plaintiff) is an individual who is currently and was at all relevant times herein, a resident of the State of Florida, Hillsborough County, City of Wimauma.

11.     Defendants, Robert Wilkie, (here "Defendant Wilkie") is an individual and existing by virtue of the laws of the State of Florida and may be served with process by service upon its registered agent.

12.     Defendant, Department of Veterans, (here "VA") is a corporation organized and existing by virtue of the laws of the State of Florida and may be served with process by service upon its registered agent, Doris I. Gruntmeir, Chief Counsel, Personnel Law Group, Office of General Counsel, 810 Vermont Ave, NW, Washington, DC 20420.

13.     All of the acts and/or failures to act alleged herein were duly performed and/or attributed to the defendant, individually acting by and through his agents and employees.  Said acts and/or failure to act were within the scope of any agency or employment, or were ratified by the defendant.

## III. __FACTS__

14.     Plaintiff was an employee of the Department of Veterans Affairs (VA), Network Contracting Office 8 (NCO 8), located at the James A. Haley Veterans Medical Center, Tampa, Florida.

15.     Defendant Wilkie is the Secretary of the VA.  Defendant Wilkie is responsible for all the actions, failures to act, decision and failures to decide of all agencies and employees of the VA.

16.     Plantiff became an employee of the VA on November 9, 2009.  Plaintiff suffered from sinus Tachycardia (heart palpitations).  Plaintiff had a history of depression and anxiety.  Conditions were managed by limiting strenuous activity and stress.  Plaintiff was not on any medication.

17.     Since 2014, Defendant has had a fully implemented and active telework program.  Employees, who are not disabled, work from home two to three days a week.  Telework approval for nondisabled employees complies with the laws governing the federal program.

18.     From 2014 to May 2017, standards of approval to telework required a career Level I professional certification and completion of the Telework Program training course.  Telework is an authorized work arrangement for reasonable accommodation.

19.     Plaintiff is retired military veteran with a Federal Acquisition Level II certification.  She obtained a Defense Acquisition Workforce Improvement Act Level II certification on Oct 23, 2001.  Plaintiff has Bachelor Degree in Business Administration and 17 years of contracting experience.  Plaintiff completed Telework Program training course on December 3, 2011.

20.    On or about April 1, 2015, Defendant held a meeting and conference call with all of NCO 8 leadership, Deputy of Construction, Construction Team Leads and Construction Contracting Specialists.  Defendant ordered the Plaintiff to violate source selection procurement law and alter qualification factors of a construction Multiple Task Award solicitation.

21.    Plaintiff refused to comply with the illegal order.  The changes would allow pass through, unlicensed and unqualified Service Disabled Veteran-owned construction businesses to receive a contract award.  The order violated the integrity of the procurement process; is prone to kickbacks and other illegal acts by federal employees.

22.    Plaintiff refused to partake in illegal actions that would harm public trust in the VA and the procurement opportunities for valid Service Disabled Veteran-owned businesses.

23.    The order to violate procurement laws caused undue stress on the plaintiff. She began experiencing severe chest pain and dizziness.  Plaintiff got up to leave the meeting and seek emergency care.

24.    Defendant ordered a Construction Team Lead to physically detain the Plaintiff.  Plaintiff told Construction Team Lead to keep his hands off her.

25.    Plaintiff left meeting and headed to emergency care.  She was hospitalized for several days.  Plaintiff was placed under the care of a cardiologist.

26.    A contractor's offer was accepted on March 31, 2015 for the Architectural

and Engineering Design of the Fisher House 2 Site Prep, Project 673-CSI-104.

Plaintiff spent a year correcting specifications; issuing the solicitation; evaluating

offers for award of the project.

27.    Defendant contractor's offer and cancelled the Fisher House 2 Site Prep

Project award on April 6, 2015.

28.    Defendant approved Plantiff's Family Medical Leave Act (FMLA) request on

April 17, 2015.  FMLA identified mitral valve regurgitation with Tachycardia as

Plaintiff's diseases.  Request states Plaintiff is unable to work during symptoms of

chest pains and associated symptoms with hypertension.  FMLA cites Plaintiff is

under the care of a cardiologist. FMLA authorizes 12 work weeks of leave for

serious health conditions.

29.    On April 23, 2015, Defendant was unsuccessful in its attempt to take

disciplinary action against the plaintiff for not complying with the illegal order.

Defendant failed in an effort to get (all) plaintiff's coworkers to right statements of

insubordination.

30.    The Defendant continued to hinder plaintiff's performance by assigning

construction projects with problematic and incomplete specifications.  Defendant set

unreasonable procurement times for high dollar value, complex projects.  The

procurement timelines violated VA Contracting established procurement timeline. Defendant cancelled Plaintiff's construction solicitation to stifle productivity.

31.     Plaintiff began to experience chronic chest pains and frequent dizziness. Plaintiff hospitalized numerous times.  Plaintiff prescribed Bystolic to manage unstable tachycardia and Spironolactone for blood pressure.  Plaintiff showed signs of depression and was prescribed Bupropion.

32.     Defendant approved Plaintiff's subsequent FMLA on April 18, 2016.  FMLA identified mitral valve regurgitation with Tachycardia as Plaintiff's diseases. Request states Plaintiff is unable to work during symptoms of chest pains and associated symptoms with hypertension.  FMLA cites Plaintiff is under the care of a cardiologist.

33.     Between May 6 and Oct 3, 2016, Plaintiff worked in excess of 24 hours on 11 days.  Plaintiff corrected project specifications, which is an engineering not a contracting specialist job function.  Plaintiff did not receive overtime or compensation time for these instances.

34.     Defendant cursed and yelled at plaintiff in private discussions.  Plaintiff suffered recurring panic attacks during verbal and written communications with the defendant.

35.     Per email correspondences, Defendant acknowledges Plaintiff worked excessive hours.  An audit of Plaintiff's pay records history will show no comp-time or overtime was paid during these dates.

36.     Plaintiff began to experience chronic chest pains, frequent dizziness and shortness of breath.  Plaintiff was hospitalized numerous times for chest pain.

37.     On September 28, 2016, Plaintiff corrected project specifications and successfully procured Replaced Roof P Campus Wide. The $7 million construction project accounted for 33 percent of VA Sunshine Healthcare Network's 8 (VISN 8) Fiscal Year 16 Non-recurring Maintenance and Repair budget.  The remaining 67% was awarded on various projects procured by members from two construction procurement teams.

38.     Defendant praised Plaintiff for fulfilling VISN 8's fiscal obligation metric.

39.     October 2, 2016, Defendant forwarded to Plaintiff revised specifications for Fisher House 2 Site Prep.  Defendant wanted the project awarded by October 31, 2016.

40.     Immediately upon receipt of the project specifications, Plaintiff worked 24 hours from October 2 to the morning of October 3, 2016.  Plaintiff worked excess hours to issue a second solicitation for a dual Design/Build award for the project on General Administration Services (GSA) schedule. This method was the only way to accomplish this project within the Defendant's restrictive timeline.

41.     October 3, 2016, Defendant cancelled Plaintiff's second solicitation for the Fisher House 2 Site Prep construction.  Defendant stated another procurement method would be used for project.

42.     The very same day, Plaintiff discovered the project violated monetary constraints governing funds allot for site prep construction. Plaintiff also found Facility coordinators failed to ensure adequate space to relocate VA employees, who were working in trailers on the site prep construction site.

43.     On October 4, 2016, Defendant instructed Plaintiff to lie to the VA Hospital Director and Fisher House Foundation about the procurement history of Fisher House 2 Site Prep and reasons for the award delay.

44.     Plaintiff refused to lie to the Director and Fisher House Foundation.  Plaintiff wanted to reveal true nature of the delays to work with the Hospital management on a viable solution.

45.     In a meeting with the Director, Defendant blamed Plaintiff for the delay. Defendant said Plaintiff had never attempt to procure and award the Fisher House 2 Site Prep construction

46.     Plaintiff questioned Defendant about lie and stated she have the Union to investigate the false statement.

47.     Defendant called the Plaintiff a non-team player.  Defendant said it would reflect on the Plaintiff's performance report.

48.    Plaintiff became upset.  She felt tightening in chest, severe pain, dizziness
and nausea.  Plaintiff sought emergency treatment.

49.    On October 4, 3016, Plaintiff was diagnosed with a thoracic coronary
aneurysm.  Plaintiff was hospitalized and underwent test by several surgeons.  In
addition to existing prescriptions, Plaintiff prescribed Clopidogrel, Simvastatin and
Aspirin.  Plaintiff has to keep blood pressure at 110/70 to prevent enlargement of the
aneurysm.

50.    October 19, 2016, Plaintiff informed Defendant of fear she would not get
supported in her efforts to minimize further damage to her health.

51.    November 14, 2016, Plaintiff informed Defendant's Local Reasonable
Accommodation Coordinator (LRAC) of the need for reasonable accommodation.
Plaintiff explained diagnosis, medications, health risks and limitations; mainly stress
of the cantankerous work environment. Plaintiff informed LRAC she was scheduled
for further tests.

52.    On November 28, 2016, Defendant orders the Plaintiff to complete a VA
Form 0857e, Request for Medical Documentation.  Defendant states he only approve
Plaintiff to telework on an interim "ad hoc" basis, which means as needed.

53.    Defendant instructed Plaintiff to complete the form and return it to him.
Defendant said request could be "oral (email is fine) or in writing, Plaintiff must

provide a reason for not completing request, and if the accommodation is "sensitive" there has to be an explanation.

54.     Defendant wanted Plaintiff to VA Form 0857e to have access to all of the Plaintiff's medical information and to speak directly to Plaintiff's physicians to verify diseases and limitations. Defendant stated He wanted to verify the severity of the Plaintiff's disabilities.

55.     Plaintiff did not complete the form VA Form 0857e.  Plaintiff did not give Defendant access to all her medical records and direct communication with her physicians.

56.     Plaintiff struggled with depression and suicidal thoughts.

57.     December 2, 2016, Plaintiff was clinically diagnosed with major depressive disorder, panic disorder and other problems related to psychological circumstances for my heart condition and propensity for suicide.  Plaintiff's medical report cited signs of Post Traumatic Syndrome Disorder and recommended further testing and treatment.

58.     Plaintiff was on Family Medical Leave Act (FMLA) Leave Without Pay (LWOP) from the later part of October to late December 6, 2016.  Plaintiff teleworked 9.5 days during this time.  Doctor imposed prescription excusing Plaintiff from work.  Plaintiff constantly updated Defendant on her medical status and pending tests/examinations.

59.     December 6, 2016, Plaintiff submits physician prescription citing telework is necessary to limit Plaintiff exposure to work environment stress. Defendant refused Plaintiff's request to telework.

60. Defendant tries to reassign Plaintiff from a GS-12, Step 3, Contracting Specialist position to a GS-5, Time Keeper, on or about December 6, 2016. Defendant shared intent of reassignment with the Plaintiff's coworkers.

61.     Plaintiff sinks further into depression. Plaintiff undergoes test for Kawasaki's disease Vasculitis, Lupus and other auto-immune diseases to rule them out as the cause for the development of the aneurysm.

62     Plaintiff sent email correspondences to Defendant LRAC on December 14, 2016. Emails included Plaintiff's clinical psychological report diagnose mental impairments. Emails also contained Plaintiff's medical reports for thoracic aneurysm diagnosis. In the correspondence, Plaintiff listed her diseases; job stress as a triggering factor of symptoms; tasks limitations and restrictions. Plaintiff confirmed she is undergoing further tests and awaiting treatment. Plaintiff clearly identifies telework as the reasonable accommodation that would meet her medical needs and will allow her to continue work.

63.     On December 6 and 31, 2016, Defendant demands Plaintiff engage in questions/answers about her illnesses. Defendant also instructed Plaintiff to

complete VA Form 0857e to give them access to all her medical records and to hold discussions with her physician about her disabilities.

64.     On December 6 and 31, 2016, Plaintiff tells Defendant she is not in a healthy state to discuss her diseases. Plaintiff is suicidal and experiencing chronic chest pain. Plaintiff states she requires a representative to engage in the discussions on her behalf.

65.     Plaintiff teleworked because she suffered from chronic chest pain and dizziness. Plaintiff was also suicidal and not sleeping.

66.     On December 22, 2016, Defendant accused Plaintiff of exceeding the leave allotted for her FMLA approved on April 18, 2016. Defendant approves Plaintiff's leave request for her illnesses. Check of records showed Defendant claim is inaccurate. Plaintiff still had 127.75 hours of FMLA leave on the request.

67.     Employees, who are not disabled, are approved for telework two to three days a week. Approval requires these employees to be Level I professional certified and completion of online telework program training course.

68.     Defendant issued order to Plaintiff to come into the office to work on January 12, 2016. Defendant stated Plaintiff had until January 17, 2016 to come into the office to work.

69.     In a January 12, 2017 email, Plaintiff informs Defendant of intent to file a compensation claim under the Federal Employees Compensation Act. Plaintiff to

file an Equal Employment Opportunity (EEO) complaint for the Defendant's failure
to comply with the reasonable accommodation process

70.     On January 25, 2017, Defendant's LRAC issues VA Form 0857d,
Administrative Closure of Accommodation.  Defendant closes out Plaintiff's
reasonable accommodation request.  Defendant's LRAC attaches a copy of VA Form
0857e, Request for Medical Documentation for Plaintiff to complete.  Defendant's
LRAC states Plaintiff did not attend two interactive meetings.  Defendant cites "The
Form 0857e was not submitted, and Plaintiff do not have a visible disability" as legal
justification to deny my request.  Defendant set a restrictive approval limitation on
the Plaintiff heart and mental disabilities.

71.     On January 26, 2017, Defendant approved and acknowledged approval of
Plaintiff's FMLA request for seeking care under cardiologist, psychologist,
psychiatrist and cardio vascular surgeon. FMLA states Plaintiff has a coronary artery
aneurysm and stress anxiety perpetuate chest pain and palpitations.  Plaintiff cannot
work during chest palpitation and chest pain.  Duration of Plaintiff's conditions is
unknown and lifetime.

72.     Plaintiff continued to experience chronic chest pain and dizziness.  Primary
physician refers her to a psychiatrist February 14, 2017.  Plaintiff was also suicidal
and not sleeping.  Earliest appointment Plaintiff could schedule with a psychiatrist
was on about June 20, 2017.

73.     Employees, who are not disabled, are still authorized to telework two to three days a week.  The employees are located in Florida cities West Palm, North Florida/Gainesville/Lake City, Orlando, Miami, Tampa and Bay Pines and San Juan, Puerto Rico.

74.     Plaintiff called VA suicide hotline on or about February 23, 2017.  Plaintiff had been without sleep for three weeks.  Suicidal thoughts were overwhelming. Plaintiff was scheduled for psychiatric care at the VA mental health.  Plaintiff completed orientation for treatment on March 10.  Suicide Hotline representatives kept in contact with the Plaintiff to ensure she was safe.

75.     February 24, 2017, Plaintiff informed Defendant Human Resource (HR) Manager of her struggle with chest pains, lack of sleep and suicidal urges. Defendant's HR Manager instructed Plaintiff to file an Equal Employment Opportunity complaint.  HR Manager initiated disciplinary file on Plaintiff.

76.     Plaintiff continued to telework, but was on FMLA leave up to three days a week.  Plaintiff suffered mental and physical exhaustion from the Defendant's threatening her job security.

77.     Defendant refused to return Plaintiff's contracts.

78.     Defendant assigned Plaintiff tasks to closeout contracts that were over 10 years old.  The contracts were missing key payment document. The companies had

gone out of business; therefore, Plaintiff could not accomplish a release of claim against the Government.  Plaintiff had to comply with mandated closeout procedures.

79.     Plaintiff attended mental health treatment orientation on March 10, 2017. Plaintiff attended first treatment appointment on or about March 17, 2017.  Plaintiff was assigned a psychologist and psychiatrist for on-going treatment.

80.     Plaintiff continued to telework, but took FMLA leave weekly.  Plaintiff continued to experience chronic chest pain and dizziness.  Plaintiff was also suicidal and not sleeping.

81.     Defendant issued reprimand to Plaintiff to come into the office to work on March 23, 2016.  Reprimand stated Plaintiff was not approved to telework. Defendant continued to allow employees, who were not disabled, to telework two to three days a week.

82.     March 30, 2017, Plaintiff files an EEO disability discrimination and retaliation complaint against the plaintiff.

83.     April 17, 2017, Plaintiff submits medical retirement request to Defendant. Defendant refuses to return her work and will not allow her to telework.

84.     Plaintiff was teleworking on April 28, 2017.  Plaintiff put in sick leave to attend an appointment with her cardiologist.  Plaintiff returns home and no longer had Virtual Private Network (VPN) access to the agency's system.

85.     April 28, 2017, Defendant issued a memorandum stating Plaintiff had

exhausted her leave under FMLA approved on April 6, 2016.   Cut off Plaintiff's

VPN access.  Cut off Plaintiff's wages.  Plaintiff suffered a lost between $4,406 and

$6,609 in wages per month.

86.     Plaintiff still had FMLA leave on her request approved on January 26, 2017.

87.     May 5, 2017, Defendant returned Plaintiff's medical retirement request citing

she was not disabled and not eligible for reasonable accommodation.  Defendant

marks the Plaintiff's performance as "fully successful."

88.     Defendant altered Plaintiffs Standard Form 50's and performance reports to

create evidence to support its claims against the Plaintiff.

89.     In July 2017, VA EEOC begins its investigation of Plaintiff's case.

90.     July 14, 2017, Plaintiff reaches out to Senator Bill Nelson about the

Defendant's denial of her request to telework.

91.     August 22, 2017, Defendant issued an agency level memorandum titled

"Proposed Removal Under the Authority of 38 U.S.C. § 714." Defendant charged

the Plaintiff with AWOL.  Federal offense requires legal review, approval and

representation for substantiation.  Plaintiff has constitutional right to due process.

92.     Defendant issues an agency level memorandum to remove career Plaintiff

from federal civilian service on September 7, 2017.  Notification was issued by

Defendant and the HR Manager.  There was no VA legal review or support provided for this action.

93.     Plaintiff lost $50,000 life insurance, dental and vision health coverage and means to pay for medication, ongoing treatment and care for the aneurysm.  Plaintiff bills expended ROTH IRA and 401 K investments to supplement the financial loss.

94.     Defendant responded to Senator Nelson's inquiry on September 7, 2017.  Defendant confirms receipt of the Plaintiff's medical report.  Defendant admits discussions about the Plaintiff's conditions failed because Plaintiff was stressed.  Defendant states Plaintiff request to telework was closed because Plaintiff refused to discuss her disabilities.

95.     On September 21, 2017, Plaintiff received further mental assessment through the VA medical center.  Plaintiff diagnosed with major depression and generalized anxiety disorder (to include current claim of sleep disturbances).  Plaintiff also diagnosed with non-combative Post Traumatic Stress Disorder (PTSD).  Depression and general disorder are service connected.  PTSD is not.

96.     December 20, 2017, an anonymous request for assistance was distributed to all of VA Contracting leadership, personnel and contractors.  The correspondences states Defendant abusing his authority in the oversight and management of NCO 8 employees.  Email 'highlights" the contentious work environment and acts of intimidation affecting employees' health and well being.

97.    Defendant's Director of NCO 8 resigns to avoid accountability.

98.    On June 20, 2018, Defendant states there was no evidence of abusive work environment in the U. S. EEOC appeal.  Defendant denies receipt of Plaintiff's medical records.

99.    Plaintiff's resources quickly exhausted after deduction of taxes.  Plaintiff bills became delinquent.  Plaintiff's credit worthiness damaged.

100.    April 5, 2019, Plaintiff diagnosed with neuropsychiatric symptoms from major depression disorder, generalized anxiety disorder and adjustment disorder with mixed anxiety and depressed mood.  Diagnosis states Plaintiff struggles with mood regulation, which negatively impacts her functioning in employment, home and social settings.  Plaintiff prescribed Hydroxyzine Pamoate, Escitalopram Oxalate and Trazodone.

101.    Plaintiff will provide evidence and witness(es) testimonies in support of the aforementioned allegations.

### IV.  CLAIM FOR RELIEF

102.    Under the Americans with Disabilities Act (ADA), a covered employer commits unlawful disability discrimination when reasonable accommodation is not made for a qualified employee with a disability.  42 U.S.C. § 12112(b)(5)(A).

103.    Absent undue hardship a covered employer is required to provide an otherwise qualified individual.  29 C.F.R. § 1630.2 (o)(4).

104.    The primary object of attention in cases brought under the ADA should be

whether covered entities have complied with their obligations and whether

discrimination has occurred, not whether an individual's impairment substantially

limits a major life activity.   29 C.F.R. § 1630.1(c)(4) and 29 C.F.R. § 1630.2(j)(iii).

105.   Equal employment opportunity means an opportunity to attain the same level

of performance, or to enjoy the same level of benefits and privileges of employment

as are available to the average similarly situated employee without a disability.

Thus, for example, an accommodation made to assist an employee with a disability

in the performance of his or her job must be adequate to enable the individual to

perform the essential functions of the relevant position.

106.    Defendant's organization provides health care and programs for the well-

being of Plaintiff.   Defendant standards of approval violate the under the federal

telework program and the VA's mission of care for veterans.

107.    Defendant egregious actions against Plaintiff are unwarranted and

unreasonable per the Merit Protection Boards' decision issued under Curtis Douglas

v Veterans Affairs M.S.P.R. 280, 1981.  The Board decision opposes punitive

actions when there is no offense violation.  The Merit Protection Board decision

opposes punitive actions when mitigating circumstances surrounding the offense

such as unusual job tensions, personality problems, mental impairment, harassment,

or bad faith, malice or provocation on the part of others involved in the matter.

108.    Defendant's negligence directly and proximately caused injury to Plaintiff and her right to employment.

109.   Plaintiff mental injuries, lost of compensation, career employment, benefits and good financial standing have resulted in damages excess of $600, 050.

### V.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff
pray for relief as follows:

110.    Compensatory damages for mental injury; loss of wages, health coverage, life insurance policy, Roth IRA and 401K,  career, federal civilian retirement pension and good credit standing in the amount of $344,020.

111.     Punitive damages for the grossly malicious acts in the amount of $256,030

112.    For interest at the statutory rate; and

113.    For such other and further relief as this court deems just and equitable.

I declare under penalty of perjury under the law of the State of Florida that the foregoing is true and correct.

DATED this 6th day of November, 2019 Respectfully submitted,

Regina D. Height
Complaint
14443 Barley Field Dr
Wimauma, FL 33598
Telephone: (813) 482-7744

Page 21 of 22

goodsunshine1968@yahoo.com
Plaintiff, in Proper Person

## VI.   **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all causes of actions and claims to which they have a right to a jury trial.

DATED this 6th day of November, 2019 Respectfully submitted,

Regina D. Height
Complaint
14443 Barley Field Dr
Wimauma, FL 33598
Telephone: (813) 482-7744
goodsunshine1968@yahoo.com
Plaintiff, in Proper Person